```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
ROBERTO BERAS,                            x
                                          x
            Petitioner,                   x
                                          x    99 Cr. 75 (SWK)
        -against-                         x   05 Civ. 2678 (SWK)
                                          x
UNITED STATES OF AMERICA,                 x   OPINION AND ORDER
                                          x
            Respondent.                   x
------------------------------------------X
```

**SHIRLEY WOHL KRAM, U.S.D.J.**

On November 28, 2001, the Court sentenced the petitioner, Roberto Beras ("Beras"), to 292 months' imprisonment following a jury verdict convicting him of over eighty counts of money laundering, evading currency reporting requirements, and conspiracy to commit the same. The Second Circuit upheld the Court's judgment in an opinion and accompanying summary order filed on December 19 and 20, 2002, respectively. On March 9, 2005, Beras filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2255. The Court granted Beras's numerous requests to amend and supplement his petition, accepting his final supplement in July 2006 and establishing a briefing schedule for the petition on September 7, 2006. The petitioner now moves for bail pending the resolution of his petition and for a default judgment. The Court declines to grant either motion and resets the deadline for Beras's reply to the Government's response to his § 2255 petition.

**I.   THE APPLICATION FOR BAIL PENDING RESOLUTION OF THE § 2255 PETITION**

Although Beras fashions his bail application as a motion for "bail pending appeal" pursuant to 18 U.S.C. § 3143, that statute "does not apply to motions for bail during the pendency of a § 2255 habeas corpus petition." Harris v. United States, No. 97 Civ. 1904(CSH), 1997 WL 272398, at *1 (S.D.N.Y. May 21, 1997) (citation omitted). However, a "district court has inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody." Ostrer v. United States, 584 F.2d 594, 596 n.1 (2d Cir. 1978) (citing Johnston v. Marsh, 227 F.2d 528, 531 (3d Cir. 1955)). While no precise standard governs consideration of a bail application under these circumstances, certain touchstones guide the Court's analysis.

In particular, the Second Circuit has recognized that "a habeas petitioner should be granted bail only in 'unusual cases,' or when 'extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" Id. (quoting Argro v. United States, 505 F.2d 1374, 1377-78 (2d Cir. 1974) and Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974)).  Furthermore, courts in this District have reasoned that

> there must be a "demonstrated likelihood that the petition will prevail," based upon "claims of a

>substantial nature upon which the petitioner has a high probability of success," and demonstrating merits "that are more than slightly in petitioner's favor," so that "victory for petitioner can be predicted with confidence."

Harris, 1997 WL 272398, at *1 (quoting Richard v. Abrams, 732 F. Supp. 24, 25 (S.D.N.Y. 1990)). Thus, the petitioner must demonstrate that the success of his petition is so likely as to take the petition out of the realm of ordinary requests for habeas relief. Beras fails to meet this rigorous standard.

Beras's § 2255 petition asserts various grounds for relief common to post-conviction petitions, including numerous charges of ineffective assistance of counsel, violations of the Supreme Court's recent sentencing jurisprudence, and several grounds already considered and rejected on appeal. In the instant bail application, Beras focuses on just one of these claims: that the counsel of his co-defendants, some of whom entered into a joint defense agreement with the petitioner, provided him ineffective assistance by raising defenses that conflicted with his own defense. As Beras does not allege that any confidential or privileged information shared pursuant to the joint defense agreement was used against him or hampered his defense, his claim boils down to an argument that the joint defense agreement created a duty of loyalty between him and his co-defendants' counsel, which was breached by virtue of the antagonistic defenses relied upon by his co-defendants at trial.

Putting aside the question of whether this claim is procedurally available on a § 2255 petition,[1] its success is highly unlikely on the information currently before the Court. A joint defense agreement is not synonymous with common representation. While common representation creates an attorney-client relationship between common counsel and each defendant being represented by them, a joint defense agreement is a mechanism designed to provide confidentiality for communications made during joint defense strategy sessions. See United States v. Almeida, 341 F.3d 1318, 1323 (11th Cir. 2003) (citing Wilson P. Abraham Const. Corp. v. Armco Steel Corp., 559 F.2d 250, 253 (5th Cir. 1977); United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989)). Each defendant, however, retains his own attorney, and the duty of loyalty only extends from each attorney to the defendant which he represents. Id.; United States v. Stepney, 246 F. Supp. 2d 1069, 1083 (N.D. Cal. 2003). In other words, absent a conflict stemming from the use of confidential information about Beras by one of his co-defendants' counsel--something that has not been alleged here--the existence of a joint defense agreement does not undermine the propriety of Beras's conviction or the effectiveness of his

---

[1] In its response to Beras's § 2255 petition, the Government argues that Beras's ineffective assistance claim based on the existence of a joint defense agreement fits into the narrow class of ineffective assistance claims which must be raised on appeal in order to avoid procedural default.

4

counsel at trial. Thus, Beras has not demonstrated a likelihood of his § 2255 petition's success on this ground.

As Beras has failed to establish the likely success of his § 2255 petition or that any other "extraordinary or exceptional circumstances" are pertinent to his petition, the Court declines to exercise its inherent authority to grant him bail pending its resolution of his petition.

## II.   THE MOTION FOR DEFAULT JUDGMENT

Beras also asks the Court to enter a default judgment in his favor as a result of the Government's failure to respond to his § 2255 petition. The Government, however, has since submitted its response to the Court and the petitioner, explaining that its tardiness stemmed from efforts to obtain pro se briefs filed by the petitioner at the time of his appeal. While the Government should observe the practice of requesting extensions from the Court, two of which had already been granted in this case, the tardiness of its response is immaterial to the appropriateness of the Court's granting default judgment on a habeas petition without reaching the merits of the claim. The Second Circuit has clearly rejected the availability of such a course of action, noting that, in the event of a default judgment, "it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly

5

convicted, or the costly process of retrying them." <u>Bermudez v. Reid</u>, 733 F.2d 18, 21 (2d Cir. 1984). Accordingly, the petitioner's motion for default judgment is denied.

### III. CONCLUSION

For the reasons set forth above, the petitioner's motions for "bail pending appeal" and for default judgment on his § 2255 petition are denied. As the Government's tardy response to the petition nullified the previous briefing schedule, the Court now resets the deadline for the petitioner's reply. Any reply to the Government's response to the petitioner's § 2255 petition must be submitted by February 23, 2007.

SO ORDERED.

/s/ Shirley Wohl Kram
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         January 24, 2007