UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ROBERTO BERAS,

Defendant.

No. 99-CR-75 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Roberto Beras has filed a *pro se* motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release in light of his health issues and the global COVID-19 pandemic. *See* Dkt. 198 ("Motion"). Beras, who is currently incarcerated at the Moshannon Valley Correctional Facility, was sentenced in November 2001 to a prison term of 292 months in connection with a money laundering scheme. He is scheduled to complete his prison sentence in August 2021. The Government opposes the motion. *See* Dkt. 200 ("Gov't Opp."). For the reasons that follow, Beras's motion is granted as set forth below.

## BACKGROUND

In December 2000, Beras was convicted after a jury trial before the late Judge Shirley Wohl Kram of 82 counts of money laundering and structuring transactions to evade reporting requirements in violation of 18 U.S.C. § 1956 and 31 U.S.C. § 5324. Judge Kram sentenced Beras to 292 months imprisonment to be followed by three years of supervised release. Beras is scheduled to complete his term of incarceration on August 27, 2021, which means he has completed approximately 97 percent of his prison term.

On December 4, 2020, the Court received and docketed Beras's *pro se* motion for compassionate release. Beras previously made an administrative request for release, but was

denied on the ground that he was subject to an immigration detainer.[1] *See* Motion at 3; *see also* Gov't Opp Ex. C. Beras's motion argues that his medical conditions (including hypertension, hyperlipidemia, glaucoma, and chronic nasal infection), coupled with the global pandemic, constitute extraordinary and compelling reasons warranting his release. Motion at 10. Beras also notes that he is 59 years old, has served the overwhelming majority of his sentence, and has no history of violence.

On December 11, 2020, the Government filed its opposition to the motion, arguing that (1) Beras's medical conditions do not constitute "extraordinary and compelling reasons" for release; (2) Beras is subject to an immigration detainer, such that any reduction of his sentence will likely result in transfer to immigration custody which may pose equal or greater health risks; and (3) the Section 3553(a) factors do not warrant a sentence reduction in light of the seriousness of Beras's offense. *See* Gov't Opp. at 3–5.

On December 14, 2020, in view of the immigration-related issues raised by the Government, the Court appointed counsel to represent Mr. Beras "for the purpose of speaking with him regarding his motion for compassionate release and determining whether he still wishes to pursue the motion in light of the possible immigration-related consequences that could follow any reduction in his sentence." Dkt. 202. Through his counsel, Beras has confirmed that he understands the potential consequences of the Court's granting his motion and that he wishes to proceed. *See* Dkt. 203.

---

[1] "An immigration detainer is the instrument by which federal authorities formally 'advise another law enforcement agency that [they] seek[ ] custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien,'" which "generally requests the agency then having custody of the alien . . . provide federal authorities with advance notice of the alien's intended release date or to detain the alien for a brief time to allow federal authorities to assume custody." *See New York v. Dep't of Justice*, 951 F.3d 84, 97 (2d Cir. 2020) (quoting 8 C.F.R. § 287.7(a)).

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may "reduce the term of imprisonment" where (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). The Second Circuit recently held that nothing in "the now-outdated version of Guideline § 1B1.13[] limits the district court's discretion" to grant or deny a motion for a sentence reduction. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Rather, the First Step Act "freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id*. at 237. "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id*. at 238 (quoting 28 U.S.C. § 994(t) (emphasis in *Brooker*)).

## DISCUSSION

Upon review of the parties' submissions and in consideration of the relevant statutory factors, the Court grants Beras's motion.

First, Beras has established that extraordinary and compelling reasons exist that warrant an immediate termination of the defendant's term of imprisonment. The Government correctly observes that "the risks posed by the COVID-19 pandemic, standing alone, do not constitute" such extraordinary and compelling reasons. Gov't Opp. at 3. However, Beras has made a particularized showing of significant health concerns. Beras is 59 years old and suffers from hypertension, among other conditions. A number of courts in this Circuit have held that a

defendant's hypertension, in combination with the overarching risks presented by the pandemic, justify the granting of compassionate release where it is otherwise warranted. *See, e.g., United States v. Pena*, 459 F. Supp. 3d 544, 550 (S.D.N.Y. 2020) ("The Centers for Disease Control and Prevention has identified hypertension as a comorbidity that increases the likelihood of serious risk from COVID-19."); *United States v. Sawicz*, 453 F. Supp. 3d 601, 605 (E.D.N.Y. 2020); *United States v. Baez*, No. 17-CR-618 (RA), (S.D.N.Y. Nov. 9, 2020); *United States v. Bayuo*, No. 15-CR-576 (JGK), 2020 WL 3415226, at *2 (S.D.N.Y. June 20, 2020); *United States v. Scparta*, No. 18-CR-578 (AJN), 2020 WL 1910481, at *9 (S.D.N.Y. Apr. 20, 2020). Taken together with the exhaustively documented health risks of incarceration at this time, *see United States v. Park*, 456 F. Supp. 3d 557, 560 (S.D.N.Y. 2020), Beras's health issues weigh in favor of a reduction of his sentence.

Additionally, "numerous courts have held that, during the COVID-19 pandemic, the impending end of an inmate's sentence helps constitute an 'extraordinary and compelling' reason to grant an inmate's motion for compassionate release." *United States v. Rivera*, No. 3:17-CR-207 (SRU), 2020 WL 7188418, at *3 (D. Conn. Dec. 7, 2020) (collecting cases).[2] As Beras has only 9 months left to serve of his 292-month sentence, he has completed approximately 97 percent of the term of incarceration. Against the backdrop of the current pandemic, the Court finds that "[t]he benefits of keeping [Beras] in prison for the remainder of his sentence are minimal, and the potential consequences of doing so are extraordinarily grave." *United States v. Perez,* 451 F. Supp. 3d 288, 294 (S.D.N.Y. 2020).

---

[2] Other courts have considered the percentage of a sentence completed by the defendant as part of their analysis of the Section 3553(a) factors. *See United States v. Bary*, No. 98-CR-1023 (LAK), 2020 WL 5946985, at *3 (S.D.N.Y. Oct. 7, 2020); *United States v. Bayuo*, No. 15-CR-576 (JGK), 2020 WL 3415226, at *2 (S.D.N.Y. June 20, 2020).

Second, a reduction of Beras's prison term will result in a sentence that is sufficient to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Section 3553(a), the Court must impose a sentence that is sufficient, but not greater than necessary, to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public from further crimes of the defendant, and (4) provide the defendant with training, medical care, and other treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court also must consider other factors, including the nature and circumstances of the offense and the history and characteristics of the defendant. *See id.* § 3553(a)(1). When deciding a motion for sentence reduction, "[a]pplication of the § 3553(a) factors requires an assessment of whether the relevant factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release and whether compassionate release would undermine the goals of the original sentence." *United States v. Daugerdas*, No. 09-CR-581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations and internal quotation marks omitted).

Beras's crimes, which involved the laundering of a substantial amount of narcotics proceeds, are undoubtedly serious. However, he was sentenced to—and has all but completed—a lengthy term of more than 20 years in prison.[3] The Court finds that a reduction of Beras's sentence to time served in no way diminishes the seriousness of the offense or undermines respect for the law, and will provide for adequate deterrence. The Court also notes that Beras has no history of violence and that he had no criminal record prior to the instant offenses. *See* Gov't

---

[3] As the Government observes, Judge Kram's sentence was imposed prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Sentencing Guidelines advisory. Beras's guidelines range was calculated at 292 to 365 months, and he was given the lowest sentence available to the Court under the previous sentencing regime. *See* Gov't Opp. at 5.

Opp. Ex. A. at 22–23. Whether Beras is transferred to immigration custody or released to the community subject to supervised release, the public is adequately protected from further crimes of the defendant. *See United States v. Molina Acevedo*, No. 18-CR.-365 (LGS), 2020 WL 3182770, at *3 (S.D.N.Y. June 15, 2020) (finding defendant was "not a danger to the community due to, *inter alia*, the non-violent nature of his crime, his lack of any significant criminal history and [the fact that] he will be transferred to an immigration facility and ultimately removed to Mexico upon his release").

Finally, the fact that Beras is reportedly subject to a detainer from U.S. Immigration and Customs Enforcement does not alter the Court's decision to grant the motion. The Court is aware of a number of recent cases in which courts in this Circuit have granted compassionate release motions notwithstanding the likelihood that the defendant would be either released to ICE custody or promptly removed from the United States.[4] To be sure, a court considering a Section 3582(c)(1)(A) motion where the defendant is subject to an immigration detainer will likely weigh the practical implications of any reduction in the sentence, given the risks inherent in transfer to a different facility or deportation. *See United States v. Prelaj*, No. 16-CR-55-1 (RJS), 2020 WL 3642029, at *3 (S.D.N.Y. July 6, 2020) (finding that where defendant was subject to ICE detainer and was housed in a prison without a single documented case of the coronavirus, granting a compassionate release "would likely be *increasing* [the defendant's] chances of contracting COVID-19, since release from his federal sentence would likely result in [his]

---

[4] *See, e.g., United States v. Bary*, No. 98-CR-1023 (LAK), 2020 WL 5946985 (S.D.N.Y. Oct. 7, 2020); *Bayuo*, 2020 WL 4196835; *United States v. Bennett*, No. 05 CR. 1192-1 (NRB), 2020 WL 2539077 (S.D.N.Y. May 18, 2020); *United States v. Djemal Nehmad*, No. 16 CR. 829 (AKH), 2020 WL 6719380 (S.D.N.Y. Nov. 16, 2020); *United States v. Afanasyev*, No. 17 CR. 350 (LAP), 2020 WL 6395303 (S.D.N.Y. Oct. 30, 2020); *Molina Acevedo*, 2020 WL 3182770, at *3; *United States v. Ardila*, No. 3:03-CR-264 (SRU), 2020 WL 2097736, at *1 (D. Conn. May 1, 2020).

transfer to a different, and presumably less healthy, immigration facility"). Having considered those risks, and having confirmed that Beras himself understands them, the Court is nonetheless persuaded that a reduction in sentence is warranted.

## CONCLUSION

For the foregoing reasons, Beras's motion for compassionate release is GRANTED. His previously imposed prison sentence is reduced to time served.

The Court also stays this order for fourteen days to allow the defendant to make any applications to U.S. Immigration and Customs Enforcement ("ICE") regarding the immigration detainer and to allow the Bureau of Prisons to make any necessary arrangements for the defendant's release. *See United States v. Bayuo*, No. 15-CR-576 (JGK), 2020 WL 4196835 (S.D.N.Y. June 20, 2020). In the event that Beras is released to the community rather than held by the immigration authorities, he shall upon release begin his three-year term of supervised release as set forth in the original judgment.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 198 and to mail a copy of this order to Mr. Beras.

SO ORDERED.

Dated:      December 21, 2020
            New York, New York

Ronnie Abrams
United States District Judge

7