USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 03/03/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

ROBERTO BERAS,

           Defendant.

No. 99-CR-75 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Before the Court are two requests for relief filed by Roberto Beras, individually (Dkt. 206) and through counsel (Dkt. 213), in which he asks the Court to order him released from immigration custody pending his removal from the United States. For the following reasons, those requests are denied.

    On December 21, 2021, the Court granted Mr. Beras's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* Dkt. 205; *United States v. Beras*, No. 99-CR-75 (RA), 2020 WL 7496354 (S.D.N.Y. Dec. 20, 2020). During the briefing on that motion, the Government raised the fact that Mr. Beras was subject to an immigration detainer, such that any reduction of his sentence would likely result in his transfer to the custody of the immigration authorities and subsequent removal from the United States. The Court accordingly appointed Aaron Mysliwiec as CJA counsel to Mr. Beras to ensure that Mr. Beras understood the possible immigration-related consequences that could follow an imminent release from federal prison, and to confirm that he still wished to pursue his motion. Dkt. 202. When Mr. Mysliwiec confirmed that Mr. Beras understood those consequences and nonetheless wished to proceed, Dkt. 203, the Court granted the motion for compassionate release, reduced Mr. Beras's federal prison sentence to time served, and stayed the release order "for fourteen days to allow the defendant to make any applications to U.S. Immigration and Customs Enforcement regarding the immigration detainer and to allow the Bureau of Prisons to make any necessary arrangements for the defendant's release," Dkt. 205 (citing *United States v. Bayuo*, No. 15-CR-576 (JGK), 2020 WL 4196835 (S.D.N.Y. June 20, 2020)).

On February 8, 2021, the Court received a letter from Mr. Beras dated January 14, 2021 and styled as a "motion to intervene." He asserted, in substance, that this Court's December 21, 2021 order was violated when he was transferred to the custody of the immigration authorities on December 31, 2021, four days before the fourteen-day stay was to expire. *See* Dkt. 207. He further complained that ICE had not responded to his application to remove the detainer. *Id*. The Government responded in opposition on February 25, 2021, arguing that Mr. Beras's objections to ICE's treatment of his application for release or its preparations to deport him "fall outside this Court's ambit." Dkt. 211. The Government also asserted that, notwithstanding the apparent "error" in Mr. Beras's transfer from BOP to ICE custody four days before the expiration of the stay, the purpose of the Court's stay was fully realized in that Mr. Beras was able to make an application to ICE and the BOP was able to make proper arrangements for his release. *Id*. Through counsel, Mr. Beras then renewed his request for the Court to order him released from immigration detention. *See* Dkt. 213. On March 2, 2021 Mr. Mysliwiec advised the Court that Mr. Beras may have been removed from the United States, but that he could not independently confirm that report. *See* Dkt. 214.

To the extent that this case continues to present a live controversy—which it may not if Mr. Beras was in fact removed from the United States, *see Pena v. Lynch*, 257 F. Supp. 3d 346, 347 (S.D.N.Y. 2017)—the Court agrees with the Government that it would not be appropriate for the Court to order Mr. Beras's release.

As an initial matter, the Court is not persuaded that because it has overseen Mr. Beras's criminal prosecution, it has the authority to order the immigration authorities to release him. The cases cited by Mr. Beras for the proposition that a federal court has inherent authority to grant bail to an immigration detainee within its jurisdiction all came before the federal courts through the procedural vehicle of a petition for habeas corpus. *See Demore v. Kim*, 538 U.S. 510 (2003); *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001); *Coronel v. Decker*, 449 F. Supp. 3d 274 (S.D.N.Y. 2020); *S.N.C. v. Sessions*, No. 18-CV-7680 (LGS), 2018 WL 6175902, at *1 (S.D.N.Y. Nov. 26, 2018). No such petition is before this Court.

In any event, the fact that Mr. Beras was transferred out of BOP custody four days prior to the expiration of the stay does not, in the Court's view, present a basis to order the relief sought. The Court agrees with the Government that Mr. Beras was able to "effectuate the purpose" of the stay by making an application to ICE to remove the detainer. *See* Dkt. 211.

2

Although it is not clear that ICE ever responded to his application, the Court's order did not direct ICE to respond within a particular amount of time or to take any particular action in response to the application. Nor is it clear what might have compelled ICE to release him. Mr. Beras concedes that as a general matter, by dint of his status as a noncitizen and his commission of an aggravated felony, he could be lawfully detained and deported. *See* Dkt. 213 at 1 n.1.

For the foregoing reasons, Mr. Beras's motions are denied. The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 206 and 213.[1]

SO ORDERED.

Dated:   March 2, 2021
         New York, New York

_____
Ronnie Abrams
United States District Judge

---

[1] The Court thanks Mr. Mysliwiec for his assistance with this matter and his expeditious counsel to Mr. Beras on two different occasions.