UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES OF AMERICA,

v.

ROBERTO BERAS,

                                    Defendant.

No. 99-cr-75 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Defendant Roberto Beras brings this *pro se* petition for a writ of error *coram nobis*, seeking to vacate his convictions and sentence in connection with a money laundering scheme.  For the reasons that follow, the petition is denied.

## BACKGROUND

After a jury trial before the late Judge Shirley Wohl Kram, Beras was convicted of 82 counts of money laundering and structuring transactions to evade reporting requirements, in violation of 18 U.S.C. § 1956 and 31 U.S.C. § 5324.  According to the evidence presented at trial, Beras served as the vice president of a money remitter business, Dinero Express, which he used to transmit narcotics proceeds to the Dominican Republic.  Judge Kram sentenced Beras to 292 months' imprisonment, to be followed by three years of supervised release.  Pursuant to 18 U.S.C. § 982(a)(1), Judge Kram also entered a $10 million forfeiture order against Beras, based on the jury's finding that $10 million was forfeitable against Beras on the money laundering counts. Judge Kram instructed the jury, in relevant part, that each defendant found liable is jointly and severally liable for the full forfeiture amount.  Beras's efforts to overturn his convictions and sentence on direct appeal and through a federal habeas petition were denied.

In December 2020, after Beras had served the majority of his sentence, this Court granted Beras's petition for compassionate release and reduced his sentence to time served. Beras has since been removed from the United States as a result of his convictions.

Now pending before the Court is Beras's petition for a writ of error *coram nobis*. Beras argues that, as a result of the Supreme Court's 2017 decision in *Honeycutt v. United States*, 581 U.S. 443 (2017)—which held that "[f]orfeiture pursuant to [21 U.S.C.] § 853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime," *id.* at 454—joint and several liability should not have applied to his forfeiture judgment, and thus his convictions should be vacated.

## DISCUSSION

"A writ of error *coram nobis* is 'essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction.'" *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (quoting *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998)). "[R]elief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks and alterations omitted). "To obtain *coram nobis* relief, a petitioner must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting the writ." *Mandanici*, 205 F.3d at 524 (internal quotation marks omitted). "[A] court reviewing a petition for *coram nobis* relief must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." *United States v. Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018).

Beras's petition fails for several independent reasons.  First, Beras does not identify any "legal consequences from his conviction that may be remedied by granting the writ." *Mandanici*, 205 F.3d at 524.  According to Beras, "all of the counts of conviction" should be "invalidated," because his "forfeiture judgment is intertwined with all of the other penalties imposed." Pet. at 9. But Beras does not point to a single case in which a defendant's conviction was vacated due to an error in the forfeiture judgment.  Nor would such a remedy be logical here, where the jury considered forfeiture only after returning a guilty verdict on all counts.  Beras also asserts that one of the consequences he has suffered "is his deportation from the United States to the Dominican Republic," Pet. at 2, but he was deported due to his convictions for aggravated felonies—an error in his forfeiture judgment, assuming there was one, would not affect his immigration consequences.

Second, Beras has not demonstrated that "sound reasons exist for failure to seek appropriate earlier relief." *Mandanici*, 205 F.3d at 524.  "Because *coram nobis* is not a substitute for appeal, courts have applied the rules governing procedural defaults in the context of *habeas* petitions to *coram nobis*." *Barneston v. United States*, 2016 WL 3023156, at *1 (S.D.N.Y. May 6, 2016) (citing *United States v. Novak*, 1999 WL 357846, at *2-3 (2d Cir. 1999)).  "Under these rules, a petitioner can raise a claim on collateral review that was not raised on direct appeal only by showing 'either [1] cause and actual prejudice, or [2] that he is actually innocent.'" *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  In the context of novel claims, a petitioner can only show the requisite "cause" if the claim was "so novel that its legal basis was not reasonably available to counsel" at the time of the direct appeal.  *United States v. Thorn*, 659 F.3d 227, 233 (quoting *Bousley*, 523 U.S. at 622).

Beras argues that his claim was "foreclosed" in the Second Circuit before *Honeycutt* was decided by the Supreme Court in 2017.  Neither of his cited authorities, however, support this position.  *United States v. Benevento*, 836 F.2d 129 (2d Cir. 1988) concerned forfeiture for a narcotics offense under 21 U.S.C. § 853—an entirely different statute—and *United States v. Jackson*, 335 F.3d 170 (2d Cir. 2003) had nothing to do with forfeiture.  Indeed, as the government points out, when Beras filed his direct appeal in 2002, the Second Circuit had not yet ruled that joint and several liability was available in any context except for narcotics forfeitures under 21 U.S.C. § 853.  Beras's claim—that joint and several liability should not apply to a forfeiture judgment for his money laundering convictions under 18 U.S.C. § 1956—was thus "reasonably available" to him at the time of his direct appeal, and his *coram nobis* claim is now procedurally barred.  *See Thorn*, 659 F.3d at 233 (quoting *Smith v. Murray*, 477 U.S. 527, 537 (1986)) ("The futility test to excuse a default is strict: 'the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was available at all.").

Finally, even if Beras could overcome the barriers described above, his claim is without merit.  The Second Circuit has not yet ruled whether the Supreme Court's holding in *Honeycutt*— which specifically addressed forfeiture under 21 U.S.C. § 853(a)(1), *see* 581 U.S. at 454—extends to forfeiture orders under 18 U.S.C. § 982(a)(1), a statute that "arguably define[s] forfeitable property more broadly than that in *Honeycutt*," *United States v. Bikundi*, 926 F.3d 761, 794 (D.C. Cir. 2019).  The Circuit has made clear, however, that "*Honeycutt*'s bar against joint and several forfeiture for co-conspirators applies only to co-conspirators who *never possessed* the tainted proceeds of their crimes."  *United States v. Tanner*, 942 F.3d 60, 67-68 (2d Cir. 2019) (emphasis added) (citing *Honeycutt*, 581 U.S. at 445).  By contrast, where "each co-conspirator acquired the

full proceeds 'as a result of the crime,' each can still be held liable to forfeit the value of those tainted proceeds, even if those proceeds are no longer in his possession because they have been 'dissipated or otherwise disposed of by any act or omission of the defendant.'" *Id.* at 68 (quoting *Honeycutt*, 581 U.S. at 454, 452).   As Beras acknowledges, "[a] government's expert witness testified at trial that Beras received the [laundered] money and sent it out of the Country to compensate members of a drug conspiracy and buy more drug[s]." Pet. at 4 n.3.   Therefore, it cannot be said that Beras "never possessed the tainted proceeds," *Tanner*, 942 F.3d at 67, and the fact that he is no longer in possession of the laundered funds does not save his claim, *id.* at 68. The Court thus finds no grounds—particularly given the high bar set for *coram nobis* relief, *see Rajaratnam v. United States*, 736 F. App'x 279, 283 (2d Cir. 2018) ("*Coram nobis* is an extraordinary remedy that issues only in extreme cases.")—to grant Beras's petition.

## CONCLUSION

For the foregoing reasons, Beras's petition for a writ of error *coram nobis* is denied.   The Clerk of Court is respectfully directed to terminate the motion pending at docket number 222.

Dated:   May 8, 2023
         New York, New York

Ronnie Abrams
United States District Judge

5